UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C. JOHNSON., | Case No.: 3:23-cv-06065-TMC |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| NATIONAL ENTERPRISE SYSTEMS INC, NAVY FEDERAL CREDIT UNION | |
| Defendant. | Jury Trial: ☒ Yes ☐ No |

**INTRODUCTION**

1. This is a civil action for actual, punitive, statutory damages and cost brought by, ("Plaintiff") an individual consumer, against defendant, National Enterprise Systems, INC (hereinafter Defendant) and Navy Federal Credit Union (vicarious liable) for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), Washington Collection Agency Act RCW 19.16, and the Washington Consumer Protection Act RCW 19.86.

**BASIS OF JURISDICTION**

COMPLAINT FOR A CIVIL CASE - 1

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), and 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendants National Enterprise Systems INC. and Navy Federal Credit Union transact business in Puyallup, Washington.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff Christopher C. Johnson is a natural person and consumer as defined by 15 U.S.C. § 1692a(3), residing in Puyallup, Washington.

5. Upon information and belief, National Enterprise Systems INC is a Ohio corporation. Service of process for Defendant is Sherri L. Simonoff 512 Bell St. Edmonds, WA 98020-3147.

6. Upon information and belief, Navy Federal Credit Union is a Virginia corporation. Service of process for Defendant is the Corporation Service Company 100 Shockoe Slip FL 2, Richmond, VA 23219-4100.

7. Defendant National Enterprise Systems INC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

9. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

COMPLAINT FOR A CIVIL CASE - 3

**collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

10. Prior to this action giving rise, Plaintiff allegedly incurred a financial obligation with Navy Federal Credit Union ("Navy Federal") for a personal credit card used for household purposes and therefore is a "debt" as that term is defined by 15 U.S.C § 1692a(5).

11. Sometime thereafter, Defendant acquired the right to collect or was assigned the right to collect on the subject debt.

12. On or about October 5th, 2023 Plaintiff received a letter from the defendant in an attempt to collect an alleged debt from Plaintiff. (See Exhibit A)

13. Plaintiff sent the letter back to Defendant via USPS certified mail # 9407118987654923 09728 (See Exhibit B)

14. The Letter sent to the Defendant was received October 16th 2023 (See Exhibit B).

15. On the letter Plaintiff told Defendant in clear terms that it was inconvenient for the Plaintiff to receive letters and instead only communicate by email or text (See Exhibit A).

16. Despite this clear instruction, and in an attempt to harass, intimidate and oppress Plaintiff, the Defendant sent Plaintiff a letter which is a communication about the debt and was an attempt to collect the debt, dated November 9th 2023(See Exhibit C).

COMPLAINT FOR A CIVIL CASE - 4

17. This was sent to confuse, harass, intimidate and deceive Plaintiff.

18. All the above-described actions by the defendants were made in violation of the FDCPA, and the Washington Consumer Protection Act.

*Plaintiff Damages*

19. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress, headaches and anxiety from the Defendants actions.

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss of time and loss because of Defendants actions.

22. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry, loss of time, caused by the defendant's actions.

23. Defendant's conduct as described in this complaint was willful, with the purpose

COMPLAINT FOR A CIVIL CASE - 5

to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff because after being notified of the inconvenience the Defendant continued to communicate with Plaintiff at a place that was known by the defendant to be inconvenient.

24. Plaintiff justifiably fears that, absent this court's intervention, the defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts by communicating through mediums that are known to be inconvenient.

25. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

26. A favorable decision herein would redress Plaintiff's injury with money damages.

27. A favorable decision herein would serve to deter Defendant from further similar conduct.

### COUNT 1 VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692d NATIONAL ENTERPRISE SYSTEMS INC.

28. All preceding paragraphs are realleged.

29. Defendant violated 15 USC §1692d by engaging in abusive, harassing, and oppressive conduct.

30. Despite Plaintiff's explicit instruction that the only convenient methods of communication were through email or text, Defendant continued to send letters to Plaintiff. This action, which directly contravened Plaintiff's stated preferences, constitutes harassment and abuse under the FDCPA, as it shows a willful disregard for Plaintiff's privacy and convenience.

31. Defendants violations of 15 USC §1692d caused the Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

32. As a result of Defendants violations of the Fair Debt Collection Practices Act, the Defendant is liable actual and statutory damages under 15 U.S.C § 1692k.

### COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692c(a)(1) DEFENDANT NATIONAL ENTERPRISE SYSTEMS INC.

33. All preceding paragraphs are realleged.

34. Defendant communicated with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

35. Specifically, Plaintiff informed Defendant that the only convenient modes of communication were through email or text. Despite this clear communication, Defendant continued to send letters to Plaintiff, which was expressly stated as inconvenient. This action by Defendant shows a willful disregard for Plaintiff's stated communication preferences and constitutes a violation of 15 U.S.C. § 1692c(a)(1).

36. Defendants violations of 15 USC §1692c(a)(1) caused the Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

37. As a result of Defendants violations of the Fair Debt Collection Practices Act, the Defendant is liable actual and statutory damages under 15 U.S.C § 1692k.

### COUNT III VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692f(1) DEFENDANT NATIONAL ENTERPRISE SYSTEMS INC.

38. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(1).

39. In this instance, despite being expressly informed by Plaintiff that communication via letters was inconvenient and that email or text were the preferred methods, Defendant continued to send letters. This action disregards the Plaintiff's reasonable request and preferences, constituting an unfair practice under 15 U.S.C. § 1692f(1).

40. Defendants violations of 15 USC §1692f(1) caused the Plaintiff actual damages of worry, anxiety, emotional distress, loss of time, and invasion of privacy.

41. As a result of Defendants violations of the Fair Debt Collection Practices Act, the Defendant is liable actual and statutory damages under 15 U.S.C § 1692k.

### *GENERAL ALLEGATIONS APPLICABLE TO ALL WASHINGTON CONSUMER PROTECTION ACT CLAIMS*

42. Violations of RCW 19.16.250 are per se violations of the Washington Consumer Protection Act ("CPA"), RCW chapter 19.86. See RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000).

43. Because RCW chapter 19.16 is enforced through RCW 19.86 et seq, the below counts alleging violations of RCW Chapter 19.16 are therefore Consumer Protection Act violations.

44. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. Id. (citing Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 738, 740 (1987).

### COUNT IV VIOLATION OF THE WASHINGTON COLLECTION AGENCIES ACT RCW 19.16.250(13) DEFENDANT NATIONAL ENTERPRISE SYSTEMS INC.

45. All preceding paragraphs are realleged.

46. Defendant violated RCW 19.16.250(13) by communicating with the Plaintiff in a manner to harass, intimidate, threaten, or embarrass by communicating with Plaintiff by a mode known to be inconvenient.

47. Despite Plaintiff's explicit instruction that the only convenient methods of communication were through email or text, Defendant continued to send letters to Plaintiff. This

action, which directly contravened Plaintiff's stated preferences, constitutes harassment, oppression and abuse under the Washington Collection Agencies Act.

### COUNT V VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT RCW 19.86 DEFENDANT NATIONAL ENTERPRISE SYSTEMS INC.

48. All preceding paragraphs are realleged.

49. The foregoing violations of RCW 19.16.250 constitute "per se" violations of the Washington Consumer Protection Act.

50. In addition, Defendants' violations of the FDCPA as outlined above themselves constitute per se violations of the CPA. *See Sims v. Midland Funding LLC*, 2021 WL 1546135 at *5 (W.D. Wash. Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc*, 806 F. App'x 549, 552 n.3 (9th Cir. 2020).

51. Therefore, each of the foregoing FDCPA claims are reasserted herein as "per se" violations of the CPA, and Defendants thus violated the Washington Consumer Protection Act on this basis as well.

### COUNT VI: INVASION OF PRIVACY (INTRUSION ON SECLUSION) DEFENDANT NATIONAL ENTERPRISE SYSTEMS INC.

52. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other

allegations herein to the extent they are not inconsistent with the cause of action pled here, National Enterprise Systems INC is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). National Enterprise Systems INC intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

53. Plaintiff suffered actual damages from National Enterprise Systems INC as a result of National Enterprise Systems INC's intrusion.

### COUNT VII IMPUTED LIABILITY OF NAVY FEDERAL CREDIT UNION FOR LIABILITY OF BY NATIONAL ENTERPRISE SYSTEMS INC.

54. All preceding paragraphs are realleged.

55. The act(s) and omission(s) of National Enterprise Systems INC. and its representative(s), employee(s) and/or agent(s) in violation of the FDCPA 15 USC §1692c(a)(1), 15 USC §1692d, 15 USC §1692f(1), RCW 19.16.250(13), and RCW 19.86 are imputed to Navy Federal Credit Union.

56. Plaintiff seeks damages, and costs from Navy Federal Credit Union.

### JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendant for:

COMPLAINT FOR A CIVIL CASE - 11

(A) For Judgment against Defendants for actual damages

(B) For statutory damages of $1,000.00 for FDCPA violations.

(C) For statutory damages of $7,500.00 per violation for Washington Collection Agency Act and Consumer Protection Act violations.

(D) For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address whose case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: 11-20-2023

Christopher C. Johnson
Cejay80@gmail.com
5613 121st Street Court E #1
Puyallup, WA 98373

E-345027-A

**National Enterprise Systems**
2479 Edison Blvd., Unit A
Twinsburg, OH 44087-2340
Ph: 877-603-7161 ext. 2007
www.nes1.com



To: Christopher C Johnson
5613 121st Street Ct E Apt 1
Puyallup WA 98373-1914

Reference: 34909624

September 27, 2023

**National Enterprise Systems is a debt collector.** We are trying to collect a debt that you owe to Navy Federal Credit Union. We will use any information you give us to help collect the debt.

### Our information shows:

You had a Navy Federal Credit Union account with account number XXXXXXXXX____

| | | |
|---|---|---|
| As of November 28, 2022, you owed: | | $7,298.75 |
| Between November 28, 2022 and today: | | |
| You were charged this amount in interest: | + | $ 0.00 |
| You were charged this amount in fees: | + | $389.32 ? |
| You paid or were credited this amount toward the debt: | − | $ 0.00 |
| Total amount of the debt now: | | $7,688.07 |

### How can you dispute the debt?

- Call or write to us by November 11, 2023, to dispute all or part of the debt. If you do not, we will assume that our information is correct.
- If you write to us by November 11, 2023, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write us without the form. You may also include supporting documents. We accept disputes electronically at www.nes1.com.

### What else can you do?

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by November 11, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nes1.com.
- Go to www.cfpb.gov/debt-collection to learn more about your rights under the federal law. For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.

*Handwritten:* Who is National Enterprise System? This balance is wrong. What are these fees? $389.32 Send proof. Please note: The only convenient method of communication with me is email or text. ccjay80@gmail.com, 206-334-2202. Letters are super inconvenient. Thanks — Christopher C. Johnson  10-5-2023

Notice: See additional page for important information.

---

2479 Edison Blvd., Unit A
Twinsburg, OH 44067

Christopher C Johnson
5613 121st Street Ct E Apt 1
Puyallup WA 98373-1914

### How do you want to respond?

Check all that apply:
☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☑ The amount is wrong.
  ☑ Other (please describe on reverse or attach additional information).
☑ I want you to send me the name and address of the original creditor.
☐ I enclosed this amount: $ _____

Make your check payable to National Enterprise Systems. Include your reference number 34909624.

Mail this form to:
National Enterprise Systems
2479 Edison Blvd., Unit A
Twinsburg, OH 44067-2340

## Electronic Delivery Confirmation™



Christopher C Johnson
5613 121ST STREET CT E APT 1
PUYALLUP WA 98373-1914

$4.98   US POSTAGE
FIRST-CLASS
Oct 05 2023
Mailed from ZIP 98373
1 OZ FIRST-CLASS MAIL LETTER RATE
11923275

062S0014949875

**USPS CERTIFIED MAIL**



9407 1118 9876 5492 3097 28

National Enterprise Systems
2479 EDISON BLVD UNIT A
TWINSBURG OH 44087-2476

| | |
|---|---|
| Reference | NES Navy Federal |
| USPS # | 94071118987654923097 28 |
| USPS Mail Class | Certified with Electronic Delivery Confirmation |
| USPS Status | Your item was delivered to an individual at the address at 12:11 pm on October 16, 2023 in TWINSBURG, OH 44087. |
| USPS History | Redelivery Scheduled for Next Business Day, 10/14/2023, 8:31 am, TWINSBURG, OH 44087 |
| | Redelivery Scheduled for Next Business Day, 10/14/2023, 8:31 am, TWINSBURG, OH 44087 |
| | Departed USPS Regional Destination Facility, 10/14/2023, 3:18 am, CLEVELAND OH DISTRIBUTION CENTER |
| | Arrived at USPS Regional Destination Facility, 10/13/2023, 1:55 pm, CLEVELAND OH DISTRIBUTION CENTER |
| | In Transit to Next Facility, 10/12/2023 |
| | In Transit to Next Facility, 10/11/2023 |
| | In Transit to Next Facility, 10/10/2023 |
| | In Transit to Next Facility, 10/09/2023 |
| | Departed USPS Regional Facility, October 8, 2023, 7:37 am, SEATTLE WA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, 10/07/2023, 9:18 pm, SEATTLE WA DISTRIBUTION CENTER |
| | In Transit to Next Facility, 10/07/2023 |
| | Departed Post Office, October 6, 2023, 5:12 pm, PUYALLUP, WA 98373 |
| | USPS picked up item, October 6, 2023, 11:49 am, PUYALLUP, WA 98373 |
| | Shipping Label Created, USPS Awaiting Item, 10/05/2023, 8:20 pm, |

**Electronic Delivery Confirmation Report © 2023 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2023** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 10/17/2023 07:25:23 (UTC)**

EXHIBIT C

**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340
Ph. (877) 603-7165

November 9, 2023

Current Creditor: NAVY FEDERAL CREDIT UNION
Account Number: XXXXXXXXXXXX
NES Account Number: 34909624

CHRISTOPHER C JOHNSON
5613 121ST STREET CT E APT 1
PUYALLUP, WA 98373-1914

Please contact: Eric Thut at (877) 603-7165

**Balance: $7,688.07**

Enclosed is the information you requested on your account.

If you have any further questions, do not hesitate to call us at (877) 603-7165.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You can pay this account online at pay.nes1.com. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI02718INFCU

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*