HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C. JOHNSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NATIONAL ENTERPRISE SYSTEM INC, and NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　　　Defendant. | CASE NO.  3:23-cv-06065-TMC<br><br>**NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**<br><br>Note on Motion Calendar:<br>March 29, 2024 |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiff Christopher Johnson claims that defendants National Enterprise Systems, Inc. ("NES") and Navy Federal Credit Union harmed him when he received a letter from NES after he asked NES to contact him by email or text because receiving letters was "inconvenient." Based solely on this allegation, Mr. Johnson claims Navy Federal vicariously violated the Fair Debt Collections Practices Act ("FDCPA"), Washington's Collections Agencies Act ("CAA"), and Washington's Consumer Protection Act ("CPA"). The Court should dismiss Mr. Johnson's claims against Navy Federal because his claims fail as a matter of law.

First, Mr. Johnson's alleged injury does not satisfy the requirements of Article III standing. Second, Mr. Johnson did not allege that Navy Federal is a debt collector. Thus, he

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 1

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

failed to state a claim for violating the FDCPA, CAA, and CPA. Third, Mr. Johnson cannot cure this defect because Navy Federal is not a debt collector and so cannot be liable for violating the FDCPA, CAA, or CPA. For these reasons, the Court should dismiss Mr. Johnson's complaint with prejudice.

## II.    FACTS

Mr. Johnson sued NES and Navy Federal for allegedly violating the FDCPA, CAA, and CPA, and sued NES for allegedly invading his privacy. The crux of Mr. Johnson's claim is that Defendants harmed him because NES sent him a letter regarding a debt he owes to Navy Federal, rather than texting or emailing him. *See* Compl. ¶ 15 (Dkt. 1-1, at 5).

Mr. Johnson incurred a financial obligation with Navy Federal. Compl. ¶ 10. Mr. Johnson uses the term "Defendant" throughout his Complaint but does not explicitly identify which defendant the allegation pertains to. That said, and reading the Complaint liberally, Mr. Johnson next claims that "Defendant"—presumably NES—either "acquired the right to collect or was assigned the right to collect on the subject debt." Compl. ¶ 11. Mr. Johnson also alleges that NES is a "'debt collector' as that term is defined by 15 U.S.C. § 1692a(6)." Compl. ¶ 7. Mr. Johnson does not allege that Navy Federal is a debt collector. *See generally* Compl.

According to Mr. Johnson, he received a letter from NES in October 2023 (dated September 27, 2023) regarding a debt he owes to Navy Federal. Compl. ¶ 12.[1] NES wrote in the letter that it was "trying to collect a debt that you owe to Navy Federal Credit Union." Dkt. 1-1, at 13.

On October 5, Mr. Johnson responded to NES by writing on NES's September 27 letter and sending the September 27 letter back to NES. Compl. ¶ 13 and Dkt. 1-1 at 13. First, Mr. Johnson checked three boxes at the bottom of the letter indicating that (1) he wanted NES to send him the name and address of the original creditor, (2) that he disputed the debt because the

---

[1] Mr. Johnson attached the letter to his Complaint, so the Court can consider this letter when ruling on this Motion.

| NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 2 | **GORDON REES SCULLY MANSUKHANI, LLP**<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>Telephone: (206) 695-5115<br>Facsimile: (206) 689-2822 |
|---|---|

amount was wrong, and (3) that he disputed the debt because of "other" reasons, which he did not explain. Dkt. 1-1, at 13. Second, Mr. Johnson wrote on the letter:

> Who is National Enterprise System? This balance is wrong, what are these fees? $389.32 send proof. Please note: the only **convenient method** of communication with me is email or text. [email address] [phone number]. **Letters are super inconvenient**. Thanks Christopher C. Johnson 10-5-2023

Dkt. 1-1, at 13 (emphasis added).

NES allegedly responded to Mr. Johnson by letter on November 9, 2023. Compl. ¶ 16; Dkt. 1-1, at 15. Mr. Johnson attached the alleged letter from NES to his Complaint. This letter reads that the "current creditor" of the debt at issue is Navy Federal. Dkt. 1-1, at 15.

Based on these facts, Mr. Johnson asserts six causes of action against NES. Mr. Johnson alleged that NES violated 15 U.S.C. § 1692d by "engaging in abusive, harassing, and oppressive conduct." Compl. ¶ 29. Mr. Johnson also alleged that "despite Plaintiff's explicit instructions that the only convenient methods of communication were through email or text, Defendant continued to send letters to Plaintiff. This action . . . constitutes harassment and abuse under the FDCPA, as it shows a willful disregard for Plaintiff's privacy and convenience." Compl. ¶ 30.

In his second cause of action, Mr. Johnson alleged that NES violated 15 U.S.C. § 1692c(a)(1) based on the same facts. Compl. ¶¶ 33–37. Likewise, Mr. Johnson's third cause of action alleges that NES violated 15 U.S.C. § 1692f(1) for the same reasons. Compl. ¶¶ 38–41.

Mr. Johnson's fourth cause of action alleged that NES violated RCW 19.16.250(13)—the CAA—by "communicating with the Plaintiff in a manner to harass, intimidate, threaten, or embarrass" Mr. Johnson by a "mode known to be inconvenient." Compl. ¶ 43. In count five, Mr. Johnson alleges that NES's violation of the FDCPA and CAA constituted a per-se violation of the CPA. Compl. ¶¶ 48–51.

In his last cause of action against NES, count six, Mr. Johnson claimed NES invaded his privacy. Compl. ¶ 52. Mr. Johnson alleged that NES "intentionally intruded on Plaintiff's

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person." Compl. ¶ 52. Mr. Johnson does not allege that Navy Federal invaded his privacy.

Finally, Mr. Johnson's only cause of action against Navy Federal is count seven. In count seven, Mr. Johnson alleged that all of NES's actions and omissions in violation of the FDCPA, CAA, and CPA—but not NES's alleged invasion of privacy—were "imputed" to Navy Federal. Compl. ¶ 55 ("The act(s) and omission(s) of National Enterprise Systems INC. and its representative(s), employee(s) and/or agent(s) in violation of the FDCPA 15 USC §1692c(a)(1), 15 USC §1692d, 15 USC §1692f(1), RCW 19.16.250(13), and RCW 19.86 **are imputed to Navy Federal Credit Union**.") (emphasis added).

### III.  ARGUMENT

#### A.  Mr. Johnson did not suffer an Article III injury simply because he received a letter from NES, even if receiving letters was inconvenient.

The Court should dismiss Mr. Johnson's complaint because he did not suffer an injury and does not satisfy the minimum requirements of Article III Standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 333 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Mr. Johnson must allege that he suffered an "injury in fact," or "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" to satisfy Article III's standing requirement. *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). Article III standing requires a concrete injury "even in the context of a statutory violation" and a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341.

Two cases—one from then-Judge Barrett and the other from Judge Rice of the Eastern District of Washington—are instructive here and show that not even the receipt of an allegedly

NAVY FEDERAL CREDIT UNION'S RULE
12(B)(1) AND 12(B)(6) MOTION TO
DISMISS - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1  defective letter from a debt collector is enough to establish Article III standing. First, in *Casillas v. Madison Ave. Assocs., Inc.*, the Seventh Circuit held that the plaintiff failed to satisfy the Article III standing requirement by alleging that she received an "incomplete" debt collection letter. 926 F.3d 329 (7th Cir. 2019). The debt collector in *Casillas* sent the consumer "a debt-collection letter that described the process" that the statute provides for verifying a debt, "but it neglected to specify that she had to communicate *in writing* to trigger the statutory protections[,]" which is required under 15 U.S.C. § 1692g. *Id.* at 331 (emphasis added). As summarized by the Seventh Circuit: "The only harm that [the plaintiff] claimed to have suffered . . . was the receipt of an incomplete letter." The court held that receipt of this letter was "insufficient to establish federal jurisdiction." *Id.* at 331–32.

The Seventh Circuit found that the plaintiff did not allege that she was harmed by the letter. Rather, any "risk of harm was entirely counterfactual: she was not at any risk of losing her statutory rights because there was no prospect that she would have tried to exercise them." *Id.* at 334. The court summarized the case by saying: "The bottom line of our opinion can be succinctly stated: **no harm, no foul**." *Id.* at 331 (emphasis added).

Second, Judge Rice similarly held that a plaintiff alleging purely statutory violations of the FDCPA, without any identified harm, lacked Article III standing in *Elston v. Encore Cap. Grp., Inc.* 2019 WL 3037054, at *3 (E.D. Wash. July 11, 2019). The plaintiff in *Elston* claimed to have received a letter from the defendant that made false representations and used deceptive means to try to collect a debt. *Id.* at *1. The court in *Elston* explained that the plaintiff did not claim to have been misled, confused, or that she took any action based on the alleged misrepresentation. *Id.* at *4. Rather the plaintiff "simply received the letter and filed suit." *Id.* Accordingly, the court found that the plaintiff did not have standing to pursue the FDCPA claim because she did not incur any concrete injury. *Id.*

*///*

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

1    Here, as with *Casillas* and *Elston*, Mr. Johnson's Complaint centers on a letter he
2 received from an alleged debt collector. Yet the alleged harm here is even less severe than the
3 alleged harm in either *Casillas* or *Elston*. Mr. Johnson merely alleges that receiving the letter,
4 versus a text message, from NES was "inconvenient," Compl. ¶¶ 16–18, while the plaintiffs in
5 *Casillas* and *Elston* alleged specific statutory violations. Moreover, like *Casillas* and *Elston*, Mr.
6 Johnson did not allege any harm, any specific reason why receiving the letter was
7 "inconvenient," or any risk of future harm that could arise from receiving a letter. Like *Casillas*,
8 this is a "no harm, no foul" case. And, like *Casillas*, it should be dismissed.

**B.    The Court should dismiss Mr. Johnson's claims against Navy Federal under Rule 12(b)(6) because Navy Federal is not a debt collector and cannot be vicariously liable for NES's alleged violations of the FDCPA, CAA, or CPA.**

**1.    Rule 12(b)(6) standard.**

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under this rule, the Court can dismiss a claim that, either, has no cognizable legal theory or lacks sufficient factual allegations to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Court must take well-pleaded factual allegations as true and construe them in the light most favorable to the non-movant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). But "a plaintiff's obligation to provide the grounds of his entitlement to relief requires

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). The non-moving party is not entitled to the assumption of truth for legal conclusions couched as factual, and such allegations cannot defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80.

        **2.**        **The Complaint fails under Rule 12(b)(6) because Navy Federal is not a debt collector under the FDCPA or a collections agency under the CAA.**

The FDCPA applies to debt collectors, not every entity in the market. Likewise, the CAA governs collection agencies. Navy Federal is neither a debt collector nor a collections agency and therefore cannot be liable under the either FDCPA or CAA.

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An entity has "to attempt to collect debts owed another before [it] can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017). Thus, creditors collecting on their own debts and whose principal business is not debt collection are not subject to the FDCPA. *Id.*

Similarly, the CAA's definition of collection agency excludes creditors and banks. RCW 19.16.100(5). Under the statute, "'Collection agency' does not mean and does not include: . . . (c) Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: . . . banks." *Id.*

Mr. Johnson's Complaint and the documents attached to the Complaint prove that Navy Federal is a creditor and not a debt collector. First, Mr. Johnson alleged that he opened a credit card with Navy Federal. Compl. ¶ 10. The claims asserted in Mr. Johnson's complaint concern

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

this account. Compl. ¶ 18. Second, the documents attached to Mr. Johnson's Complaint establish that Navy Federal is the current creditor of the debt at issue. Dkt. 1-1, at 15. On top of this, Mr. Johnson did not allege that Navy Federal is a debt collector. *See generally* Compl., Dkt. 1-1. Rather, of the two defendants, he alleges that only NES is a debt collector. *Compare* Compl. ¶ 6 ("Upon information and belief, Navy Federal Credit Union is a Virginia corporation. Service of process for Defendant is the Corporation Service Company 100 Shockoe Slip FL 2, Richmond, VA 23219-4100."), *with* ¶ 7 ("**Defendant National Enterprise Systems INC is a 'debt collector'** as that term is defined by 15 U.S.C. § 1692a(6).").

Finally, courts have held that Navy Federal is a creditor, not a debt collector, when it seeks to collect on its own account. *See, e.g.*, *Saber v. Navy Fed. Credit Union*, 2023 WL 5651988, at *3 (E.D. Pa. Aug. 31, 2023) (holding that Navy Federal was not a debt collector when it tried to collect a debt owed to itself). Thus, Navy Federal is not covered under the FDCPA when it seeks to recover a debt owed to itself. *Id.* (holding that the plaintiff failed to state a FDCPA claim against Navy Federal). Taken together, the FDCPA and CAA do not apply to Navy Federal here.

### 3. Since Navy Federal is not a debt collector, it cannot be liable for vicariously violating the FDCPA or the CAA.

Mr. Johnson's complaint alleges, without support, that Navy Federal is liable for all of the acts and omissions of NES in violation of the FDCPA and CAA. Compl. ¶ 55. The flaw with Mr. Johnson's claim is not its vagueness, however, but rather that Navy Federal cannot be vicariously liable for violating the FDCPA or CAA because it is not a debt collector.

First, vicarious "liability under the FDCPA has been restricted to principals who themselves are statutory 'debt collectors.'" *Plumb v. Barclays Bank Delaware*, 2012 WL 2046506, at *4 (E.D. Wash. June 5, 2012). "Only debt collectors, as defined by the statute itself, can be held liable—including vicariously liable—under the FDCPA." *Huffman v. JP Morgan*

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

*Chase Bank, NA*, 2023 WL 2691455, at *10 (D. Ariz. Mar. 29, 2023) (citing *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404–05 (3d Cir. 2000) and *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996)). Navy Federal is not a debt collector and Mr. Johnson did not allege that Navy Federal is a debt collector. Thus, his vicarious FDCPA claim against Navy Federal fails.

Second, Mr. Johnson also cannot state a claim against Navy Federal for vicariously violating the CAA because Navy Federal is not a "collection agency" and so cannot be liable under the CAA. Like "the FDCPA," the CAA "applies only to parties collecting debts on behalf of third-party creditors or parties collecting their own debts while using a fictitious name." *Parker v. Barclays Bank Delaware*, 2012 WL 39522, at *4 (E.D. Wash. Jan. 9, 2012). Mr. Johnson alleges Navy Federal is neither.

In a similar case, the court in *Plumb* held that the plaintiff could not state a vicarious liability claim against Barclays Bank under the CAA for the same reasons the plaintiff could not state a vicarious liability claim against the bank under the FDCPA. *Plumb*, 2012 WL 2046506, at *4. The court held that the plaintiff acknowledged the bank was a creditor and failed to allege facts to show that Barclays was a debt collector. Further, "with respect to both the FDCPA and WCAA claims, [the plaintiff] does not state a claim upon which relief may plausibly be granted." *Id.*; *see also Parker*, 2012 WL 39522, at *4 (holding that plaintiff could not state a claim against the bank for vicarious liability under the CAA).

For these reasons, Mr. Johnson cannot state a claim against Navy Federal for either directly or vicariously violating the FDCPA or CAA.

    **4.**    **Mr. Johnson's derivative CPA claim fails under Rule 12(b)(6) because he cannot state a FDCPA or CAA claim against Navy Federal.**

The Court should dismiss Mr. Johnson's CPA claim because this claim rises and falls with his FDCPA and CAA claims, both of which fail as a matter of law. To state a claim under

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

the CPA, the plaintiff must plead: (1) an unfair or deceptive act, (2) which occurred in the conduct of trade or commerce, (3) affecting the public interest, (4) injured the plaintiff in their business or property, and (5) which the defendant caused. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-92 (1986). Violations of the FDCPA and CAA, if proven, "constitute per se violations of the CPA, the first three elements of the *Hangman Ridge* test." *Sims v. Midland Funding LLC*, 2021 WL 1546135, at *5 (W.D. Wash. Apr. 20, 2021).

Mr. Johnson asserts that Defendants' alleged violations of the CAA and FDCPA are "per se" violations of the CPA. Compl. ¶¶ 49–51. Further, Mr. Johnson alleges that Navy Federal is vicariously liable for violating the CPA because of NES's alleged violations of the FDCPA and CAA.

Navy Federal is not governed by the FDCPA or the CAA, as demonstrated above. Thus, it cannot have violated these statutes—either directly or vicariously. Accordingly, Mr. Johnson cannot meet the required elements of a CPA violation: Navy Federal did not engage in a per se violation of any statute.

## IV.   CONCLUSION

The Court should dismiss Mr. Johnson's complaint with prejudice. He lacks Article III standing because his alleged injury—receiving a letter when he preferred receiving text messages—is insufficient as a matter of law. Even if he suffered an injury under Article III, his claims still fail. Navy Federal is not a debt collector or a collections agency. Thus, it cannot be held liable for directly or vicariously violating the FDCPA or the CAA. And since it cannot be held liable for violating these statutes, Mr. Johnson cannot state a claim against Navy Federal for a per se violation of the CPA based on these alleged statutory violations. For these reasons, Mr. Johnson has failed to state a claim against Navy Federal and his Complaint should be dismissed with prejudice.

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 10

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

I certify that this memorandum contains 3,307 words, in compliance with the Local Civil Rules.

Dated: March 5, 2024                GORDON REES SCULLY MANSUKHANI, LLP

                                By: *s/Daniel O. Culicover*
                                     Sarah N. Turner WSBA# 37748
                                     Daniel O. Culicover WSBA #55085
                                     701 Fifth Avenue, Suite 2100
                                     Seattle, WA 98104
                                     Phone: (206) 695-5115
                                     Email: sturner@grsm.com
                                            dculicover@grsm.com

                                *Attorneys for Defendant Navy Federal Credit Union*

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 11

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the foregoing document was filed with the Clerk of the Court using CM/ECF System and service was made on the following individuals as indicated below:

| | |
|---|---|
| Christopher C. Johnson<br>5613 121st Street Court E #1<br>Puyallup, WA 98373<br>Phone: Not Available<br>Facsimile No.: Not Available<br>cejay80@gmail.com<br><br>*Plaintiff Pro Se* | Jeffrey I. Hasson<br>Attorney at Law<br>HASSON LAW, LLC<br>9385 SW Locust Street<br>Tigard, OR 97223<br>Phone: (503) 255-5352<br>Facsimile No.: (503) 255-6124<br>E-Mail: hasson@hassonlawllc.com<br><br>*Attorney for National Enterprise Systems, Inc.* |

Dated: March 5, 2024

s/ *Jacqueline Burrell*
Jacqueline Burrell

NAVY FEDERAL CREDIT UNION'S RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS - 12

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5115
Facsimile: (206) 689-2822